BOICE & SHANNON *v.* MITCHELL & BARBER.

**Bank Account.**

The fact that the plaintiffs, who are bankers, charged the amount of the note of Boice and Shannon, payable one day after date, to the account of Boice in his bank-book on the day of the execution did not change the character of the debt nor impair the efficacy of the note.

**Evidence.**

It is error for the court to refuse the introduction of testimony of one defendant to prove agreements between him and a codefendant, who filed a separate answer, and which would sustain a plea of exoneration.

APPEAL FROM BOYLE CIRCUIT COURT.

June 19, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

The fact that the plaintiffs, Mitchell & Barber, who are bankers, charged the amount of the note of Boice & Shannon payable one day after date, to the account of Boice in his bank-book, on the day of its execution, did not in our opinion change the character of the debt nor impair the efficacy of the note as a security for its payment, although it was charged in the same account with the charges for the payment of his checks, etc. As the amount of the note remained as a charge in the account, it was, of course, included in the aggregate of the charges from which the aggregate of credits was deducted in order to strike a balance; and as the balance thus found was against Boice, and for a much larger sum than the amount due on the note, it included that amount, of course. But as the character and effect of the note as evidence of and security for a specified debt were not changed by charging its amount with the other items of a different character, neither were they changed by being included in the aggregate of charges and in the balance against Boice, which, in fact, shows that the note remained unpaid. It was, therefore, still available as a note according to its tenor, unless it was the duty of the bankers to have applied the sums credited to Boice to the payment of this particular debt, which cannot be implied from the mere fact of its having been charged in the account, and is negatived by the fact that it remained as a charge in the bank-book in possession

of Boice, without such special credit being either given by the bankers, or so far as appears, being suggested or asked for by either of the makers, and by the fact that the note was still retained by the bankers.

The fourth instruction asked for by the defendants being inconsistent with the foregoing views was, in our opinion, properly refused. The fifth instruction asked by the defendants was also properly refused; because, if not entirely abstract, it would, if given, have been misleading. The evidence on which it is supposed to have been based, if it might have authorized the jury to find that the note had been paid, did not tend to prove that the plaintiffs and Boice had a settlement showing a smaller balance against Boice than that which appeared in the bank-book in his possession, and the instruction would have given a weight to that evidence to which it was not entitled. The refusal of the instruction left that evidence before the jury to have such effect as they might think due to it, without enhancement or impairment by any opinion of the court.

But, although we perceive no error in the decisions of the court in the matters to which we have referred, we are of opinion that the court erred in refusing to allow Boice to be sworn as a witness to prove the agreement alleged by Shannon in his separate answer, to have been made between all of the parties, that if he would sign the note sued on as surety of Boice, he, Boice, would deposit with plaintiffs government vouchers to be collected by them, and they would apply the proceeds to the payment and discharge of the note. The answer alleged that Boice had deposited vouchers from which the plaintiffs had realized a much larger sum than the amount of the note, but failed to make the application agreed on, and had misapplied them, whereby and by the insolvency of Boice which is alleged, he, defendant Shannon, was damaged, etc., and he sets up a counterclaim to the amount of the note — and also pleads that by the misapplication of said vouchers by the plaintiffs, he is exonerated from paying said note.

These defenses are exclusively personal to Shannon and do not affect the liability of Boice on the note nor the right of the plaintiffs to have a judgment against him. He is not a party to the issue or issues on the answer of Shannon, and has no interest in them on the side of Shannon. He has no disqualifying interest in the question whether a judgment shall be rendered against

Shannon or not, nor in the question whether Shannon shall have a judgment on his counterclaim or be released on his plea of exoneration. He was, therefore, a competent witness to prove the fact which he was offered to prove. And as the plea of exoneration if sustained would prevent a judgment from being rendered against Shannon on the note (which the establishment of the counterclaim would not do), it follows that the erroneous rejection of a mutual witness or of testimony for sustaining the plea of exoneration is an error affecting the judgment against Shannon on the note.

For the error of rejecting Boice as a witness for Shannon, the judgment against Boice and Shannon jointly is reversed and the cause is remanded for a new trial in conformity with the principles of this opinion.